RELIANCE INSURANCE COMPANY, Continental Insurance Company, Royal Insurance Company of America, New York Marine & General Insurance Company, Plaintiffs–Counter–Defendants–Third–Party–Plaintiffs–Appellees,

v.

KEYSTONE SHIPPING COMPANY, Intercoastal Bulk Carriers, Inc., Defendants–Counter–Claimants–Appellants,

Segdwick James of Pennsylvania, Inc., Third–Party–Defendant.

Docket No. 00–7950.

United States Court of Appeals, Second Circuit.

April 5, 2001.

John H. Gross, Proskauer Rose, LLP; Seth Schafler, of counsel, New York, NY, for appellant.

David H. Fromm, Brown, Gavalas & Fromm; Timothy G. Hourican, of counsel, New York, NY, for appellee.

Present FEINBERG, NEWMAN and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The defendants appeal the decision of the district court, following a bench trial, granting the plaintiffs a declaratory judgment that the plaintiffs were not required to indemnify the defendants pursuant to a marine insurance policy for the costs of corrosion of the cargo holds of a ship owned by Intercoastal Bulk Carriers, Inc. and operated by Keystone Shipping Company. *See Reliance Insurance Co. v. Keystone Shipping Co.,* 102 F.Supp.2d 181 (S.D.N.Y.2000). The primary factual dispute at trial was whether the corrosion of the ship's cargo holds was caused by ordinary wear and tear, which the defendants concede is not covered by the policy, or whether it was caused by microbiologically-influenced corrosion ("MIC"), a process

in which microbes take root in the walls and trigger intense acid-based corrosion.

The defendants first argue that the district court erred by requiring them to prove by a preponderance of the evidence that the damage was fortuitous (i.e., not a result of ordinary wear and tear). They contend that under Pennsylvania law, which the parties had stipulated governed their dispute, the insurers bear the burden of proving that the loss was not fortuitous. *See Koppers Co. v. Aetna Casualty and Surety Co.*, 98 F.3d 1440, 1446–47 (3d Cir. 1996) (predicting Pennsylvania law). Whatever the merits of this argument, the district court's opinion makes clear that it did not rely on the burden of proof to decide the case in the plaintiffs' favor. Rather, it credited the plaintiffs' expert, viewed the defendants' experts as unreliable, and found that the evidence "indicate[s] that the damage to the vessel's holds resulted from normal wear and tear." *Reliance Insurance Co.*, 102 F.Supp.2d at 191–92. We therefore decline to vacate the judgment on this basis.

Next, the defendants argue that the district court improperly relied on the opinion of the plaintiffs' expert that the cause of the corrosion was ordinary wear and tear. The defendants contend that the expert was proffered only on the rate of corrosion, not on its cause. We conclude, however, that the expert's testimony that the rate of corrosion in the ship's cargo holds was normal permitted the district court to infer that the cause was normal wear and tear. Indeed, that appears to be the only conclusion one could draw from a normal rate of corrosion.

The defendants also claim that the district court erred in excluding the testimony of two of their experts under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509

U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). It is important to note, however, that the court allowed both experts to testify in full and "excluded" their testimony only in its opinion after the trial. Thus, even if it was error for the court to conclude that their testimony failed to satisfy *Daubert*, "[a]s the finder of fact, the district court was under no obligation to accept" their testimony. *Fisher v. Vassar College*, 70 F.3d 1420, 1447 (2d Cir.1995). We therefore see no reason to remand the case for the district court to weigh the testimony of the defendants' experts. It has already done so and found the testimony not credible and unreliable.[1]

Because there is no reason to disturb the district court's finding that the corrosion was due to ordinary wear and tear, we need not address the district court's holding that an owned property exclusion in the insurance policy also bars coverage.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

---

1. The defendants did not argue in their briefs that the district court's factual findings were clearly erroneous, but even if they had, we would not find clear error.